Filed 5/8/25  P. v. Cervantez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B336795 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA204837) |
| v. | |
| JOSE OCTAVIO CERVANTEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Craig Elliott Veals, Judge.  Affirmed.

John Lanahan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Jose Octavio Cervantez appeals the summary denial of his petition under Penal Code[1] section 1170, subdivision (d)(1), which permits juvenile offenders sentenced to life without the possibility of parole (LWOP) to petition for recall and resentencing. Appellant argues that his sentence of 32 years to life is the functional equivalent of LWOP because he has a developmental disability, rendering him less likely to be released on parole. We reject this contention and affirm.

## FACTS AND PROCEDURAL BACKGROUND

In 2002, a jury convicted appellant of attempted murder (§§ 187, subd. (a) & 664), assault with a firearm (§ 245, subd. (a)), and attempted robbery (§§ 211 & 664). The jury also found true firearm enhancements under section 12022.53, subdivisions (c) and (d), and that appellant personally inflicted great bodily injury (§ 12022.7, subd. (a)). Appellant was 15 years old at the time of these offenses. The trial court sentenced him to life, plus 25 years to life for one of the firearm enhancements.[2] The court either stayed or ran concurrently the sentences for the other offenses.

In December 2023, appellant filed a petition under section 1170, subdivision (d)(1), to recall his sentence. The People

---

[1] Undesignated references are to the Penal Code.

[2] The trial court and counsel below referred to appellant's sentence as 32 years to life. This is accurate, given that the sentence imposed for an enhancement under section 12022.53, subdivision (d) runs consecutively to that imposed for the predicate offense, and the requirement that a defendant who receives a life sentence must generally serve at least seven years in prison before being considered for parole (§ 3046, subd. (a)(1)).

opposed, and on February 15, 2024, the trial court denied his petition for resentencing.

## DISCUSSION

Section 1170, subdivision (d)(1) generally permits a juvenile offender who "was sentenced to imprisonment for life without the possibility of parole" and has been incarcerated for at least 15 years to "submit to the sentencing court a petition for recall and resentencing." (§ 1170, subd. (d)(1)(A).) *People v. Heard* (2022) 83 Cal.App.5th 608 extended relief under this provision to juvenile offenders who were sentenced to the functional equivalent of LWOP based on equal protection principles. (*Heard*, at pp. 612, 633–634 [sentence of 103 years was functional equivalent of LWOP]; accord, *People v. Sorto* (2024) 104 Cal.App.5th 435, 440 [sentence of more than 100 years was functional LWOP sentence].) Courts have made clear, however, that not all lengthy sentences equate to LWOP. (E.g., *People v. Olmos* (2025) 109 Cal.App.5th 580, 583 [33 years to life was not functional equivalent of LWOP]; *People v. Munoz* (Apr. 8, 2025, B336656) ___ Cal.App.5th ___ [2025 Cal.App. Lexis 233] (*Munoz*) [nor was 50 years to life, at least not for purposes of section 1170, subdivision (d)(1)].)

Appellant does not argue that 32 years to life imposed on a juvenile offender always, or even typically, is the functional equivalent of LWOP. That argument would be unpersuasive on its face, given that such offender would be eligible for parole in his or her early fifties, at the latest. (See *People v. Perez* (2013) 214 Cal.App.4th 49, 58 ["by no stretch of the imagination" can a sentence resulting in eligibility for parole at age 47 be called a functional LWOP].) Rather, appellant argues that his sentence is the functional equivalent of LWOP because he has a

developmental disability, and such disabilities render individuals less likely to benefit from programs offered in prison and less likely to behave in a manner conducive to being granted parole. We are not persuaded.

Whether a sentence is the functional equivalent of LWOP hinges on whether the defendant, " 'during his or her expected lifetime' " (*Munoz*, *supra*, ___ Cal.App.5th ___ [2025 Cal.App. Lexis 233, *11]) will have "a meaningful opportunity to demonstrate [his or her] rehabilitation and fitness to reenter society in the future" (*People v. Caballero* (2012) 55 Cal.4th 262, 268). Appellant invites courts to employ a different test for developmentally disabled defendants—one that disregards both the length of the determinate prong of their sentences *and* their parole-eligible status.[3] Instead of focusing on whether such defendants have the *opportunity* to show their fitness to reenter society, appellant wants courts to focus exclusively on whether, despite having the opportunity, their developmental disabilities render it unlikely that the parole board will find them suitable for parole. In essence, appellant is asking courts to inject a new policy consideration into the mix, and to make that consideration the sole focus in determining whether a sentence amounts to an LWOP sentence for purposes of section 1170, subdivision (d). But it is the Legislature's province, not ours, "to sift through studies and research and to make policy decisions." (*Munoz*, *supra*, ___ Cal.App.5th ___ [2025 Cal.App. Lexis 233, *13].) The Legislature's purpose in enacting section 1170, subdivision (d)(1)

---

[3] As the trial court observed and appellant's counsel below conceded, this position would mean that "anything short of a determinate sentence" would be the functional equivalent of an LWOP sentence, given his developmental disability.

4

was to address the " 'developments in scientific research on adolescent brain development confirming that children are different from adults in ways that are critical to identifying age-appropriate sentences.' " (*People v. Bagsby* (2024) 106 Cal.App.5th 1040, 1048.)  The Legislature did not account for differences in intellectual capacity (beyond those related to age) or developmental disabilities, nor was it required to.  (*People v. Cervantes* (2020) 44 Cal.App.5th 884, 888 ["When the Legislature reforms one area of the law, it is not required to reform other areas of the law"]; *ibid.* ["It may elect to make reforms ' " 'one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind' " ' "].)  The trial court correctly concluded that appellant is ineligible for relief under section 1170, subdivision (d)(1) because he was not sentenced to LWOP or its functional equivalent.

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

LUI, P. J.

We concur:

ASHMANN-GERST, J.

CHAVEZ, J.

6